*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *KEITH AYOTTE,* | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | )     *No. 1:11-cv-331-JHR* |
| | ) |
| *PATRICIA BARNHART, et al.* | ) |
| | ) |
| *Defendants* | ) |

**MEMORANDUM DECISION AND ORDER ON**
**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**[1]

Plaintiff Keith Ayotte seeks relief from judgment pursuant to Federal Rule of Civil

Procedure 60(b)(2); his motion is based on the discovery of evidence potentially affecting the

court's earlier decision to grant summary judgment to defendants Patricia Barnhart and Martin

Magnussen on his claims against them. *See* Motion for Relief From Judgment ("Motion") (ECF

No. 90) at 1. For the reasons that follow, the Motion is denied.

## I. Applicable Legal Standards

As a threshold matter, the defendants correctly point out that, although the plaintiff styles

his Motion as one for relief from judgment, Rule 60(b)(2) is inapposite. *See* Opposition to

Motion for Relief From Judgment ("Opposition") (ECF No. 97) at 1. Rule 60(b)(2) provides for

relief "from a final judgment, order, or proceeding" based on "newly discovered evidence that,

with reasonable diligence, could not have been discovered in time to move for a new trial under

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have me conduct all proceedings in this case, including trial, and to order the entry of judgment.

Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). However, no final judgment has been entered in this case.

The plaintiff, an inmate at the Maine State Prison ("Prison") in Warren, alleges that the defendants failed to protect him from a substantial risk of harm – assault with a padlock in the Prison – and that two of the defendants retaliated against him for filing complaints about Prison conditions. *See* Order Affirming the Recommended Decision of the Magistrate Judge ("Summary Judgment Order") (ECF No. 79) at 1. The defendants moved for summary judgment as to all claims against them. *See id*. The court granted summary judgment in favor of the defendants on the padlock policy claim but denied summary judgment to defendants David Cutler and Curtis Doyle on the retaliation claim. *See id*. at 1-2. Because the court did not dismiss the entire case, its judgment was interlocutory, not final. *See, e.g., Greene v. Union Mut. Life Ins. Co. of Am*., 764 F.2d 19, 22 (1st Cir. 1985); *Gagne v. Carl Bauer Schraubenfabrick, GmbH*, 595 F. Supp. 1081, 1083-84 (D. Me. 1984).

As the defendants point out, *see* Opposition at 2, the controlling standard is that set forth in Local Rule 7(g), which provides, in relevant part:

> A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed.R.Civ.P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time. Cause for not filing within 14 days from the date of the order includes newly available material evidence and an intervening change in the governing legal standard.

Loc. R. 7(g). The Motion was filed on November 12, 2013, more than 14 days after the issuance of the Summary Judgment Order on September 24, 2013.[2]

---

[2] During the parties' final pretrial conference, the court set a deadline of November 15, 2013, which the plaintiff met, for the filing of his contemplated motion for relief from judgment. *See* Report of Final Pretrial Conference and Order (ECF No. 89) at 2-3; Motion. However, the court's setting of that pretrial case management deadline did not (*continued on next page*)

## II.  Background

The plaintiff seeks reconsideration of the grant of summary judgment on his padlock policy claim based on the defendants' provision to him, subsequent to the court's entry of partial summary judgment but in response to earlier standard discovery requests, of a letter that "refers to Mr. Ayotte in the third person, but as Defendants acknowledge appears to be in Mr. Ayotte's distinct handwriting."  Motion at 2, ¶ 6.  The letter appears to be dated in February, but no year is stated.  *See id.* at 2, ¶ 7; Letter (ECF No. 90-1), attached to Motion.  The letter, addressed to "Mr. [F]owls," states that a certain person is offering to pay people to set the plaintiff up or stab him, and someone "in medium[,]" identity unknown, was "thinking about it[.]"  Letter.  The plaintiff's counsel "has spoken with Plaintiff and he confirms that he in fact wrote the letter before the assault involved in this case."  Motion at 2, ¶ 9.

The defendants state:

> The note [Letter] was one of three pertaining to plaintiff that was recently found by defendant Dwight Fowles while moving his office from the state prison to the DOC central office in Augusta as the result of a job change.  The notes were contained in a folder of miscellaneous anonymous notes that had been mistakenly shoved inside another file.  There is no suggestion that these documents were purposefully withheld during discovery (particularly since two of the three are helpful to the remaining defendants), and plaintiff has appropriately not requested sanctions.

Opposition at 2 n.1.  The plaintiff did not file a reply brief in support of his Motion or otherwise contest this explanation.

## III.  Discussion

The plaintiff points out that "[o]ne of the arguments made by Defendants and accepted by the Court was that [he] had not shown any evidence that Defendants were aware that he was in

---

excuse the plaintiff from showing cause pursuant to Local Rule 7(g) for not filing within 14 days of the date of the Summary Judgment Order.

any danger before he was assaulted." Motion at 1, ¶ 4.[3] He states that the Letter (i) never was provided to him prior to the issuance of partial summary judgment despite his standard discovery requests, (ii) specifically states that he was in danger of assault, and (iii) could affect the court's decision on summary judgment. *See id.* at 2-3, ¶¶ 5-6, 8, 12-13.

The defendants counter that reconsideration pursuant to Local Rule 7(g) is unwarranted because the Letter is neither newly discovered nor material. *See* Opposition at 2-6. I agree that the evidence cannot fairly be characterized as newly discovered. This, alone, is fatal to the Motion and, thus, I do not reach the defendants' alternative argument that the Letter is immaterial.

As this court has recently noted:

The standard for reconsideration is whether the order was based on a manifest error of fact or law. A party may present newly discovered evidence in a motion for reconsideration; however, the standard for newly discovered evidence is that the evidence be not only new to the litigant but not previously available. A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

*Murphy v. Corizon*, No. 1:12-cv-00101-JAW, 2012 WL 5258492, at *3 (D. Me. Oct. 24, 2012) (citations and internal quotation marks omitted).

The Letter is hardly new to the plaintiff: he admits that he wrote it. *See* Motion at 2, ¶ 9. As the defendants persuasively argue, even if the plaintiff did not have a copy of the Letter, he could have testified in the summary judgment proceeding as to its existence, content, and the fact that he gave it to prison personnel. *See* Opposition at 2-3. He did not do so. He cannot now

---

[3] The plaintiff was assaulted on October 28, 2010, by fellow inmate Mark Harris at the Prison. *See* Summary Judgment Order at 2. Harris struck Ayotte in the head and face from behind, knocking him unconscious and causing him head and facial injuries. *See id.* The defendants dispute that Harris used a padlock during the assault but recognize that inmates sometimes use padlocks as weapons. *See id.*

employ a motion for reconsideration as the vehicle to place before the court evidence that could and should have been presented prior to the court's order on summary judgment.

## IV. Conclusion

For the foregoing reasons, the Motion is **DENIED**. In accordance with my status report and order dated November 18, 2013, *see* ECF No. 93, the Clerk's Office is **DIRECTED** to schedule a teleconference at the earliest convenience of counsel and the court to discuss resetting trial dates and related deadlines.

Dated this 15th day of January, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge